**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KENNETH COLLINS : | |
|     Petitioner : | |
| v : | Civil Action No. PJM-09-1548 |
| UNITED STATES : | (Crim. Case PJM-00-292) |
|     Respondent : | |

o0o

## MEMORANDUM OPINION

On June 23, 2009, this court issued an Order requiring Petitioner to provide information that establishes he is entitled to the benefit of the exceptions provided in 28 U.S.C. § 2255 or to an equitable tolling of the statute of limitations. Petitioner was warned that if he failed to comply, his Motion to Vacate would be dismissed as untimely. Paper No. 111 and 112. Petitioner filed a Motion to Support his Motion to Vacate on July 21, 2009. Paper No. 113.

Petitioner asserts that he is entitled to relief because the plea bargain agreement was violated and his attorney was ineffective in failing to file an appeal. Paper No. 113. He does not explain why the instant motion was not filed in a timely manner. He simply states he is entitled to equitable tolling if: he lacked notice of deadline; he lacked constructive knowledge of the deadline; he was diligent in pursuing his rights; and there was attorney misconduct constituting extraordinary circumstances. *Id*.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).

Petitioner's asserted lack of knowledge regarding the filing deadline is not a circumstance external to his own control entitling him to equitable tolling. In addition, the allegation that the plea bargain was violated in open court in Petitioner's presence indicates that he was less than diligent in pursuing a remedy. Finally, attorney error is not an "extraordinary circumstance." *See Taliani v. Chrans*, 189 F. 3d 597, 598 (7th Cir. 1999). Thus, Petitioner has failed to establish that he is entitled to tolling of the filing deadline and his Motion to Vacate must be dismissed.

A separate Order follows.

August 11, 2009

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE